# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANDREA CANNON, *on behalf of herself and all others similarly situated*,

    Plaintiff,

        v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

**Civil Action No. 12-465 (CKK)**

## MEMORANDUM OPINION
(October 25, 2013)

      Plaintiff Andrea Cannon filed a putative class action suit against Defendants Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc., (collectively the "Wells Fargo Defendants"), as well as QBE Specialty Insurance Co. and Sterling National Insurance Agency, Inc., now known as QBE First Insurance Agency, Inc. ("QBE First"), in the Superior Court for the District of Columbia. The Defendants removed the action to this Court and upon the Defendants' respective motions to dismiss, dismissed all claims except for portions of the Plaintiff's breach of contract claim against the Wells Fargo Defendants. On March 19, 2013, the Plaintiff filed a Motion for Leave to File an Amended Complaint. On July 1, 2013, the Court issued an Order granting in part and denying in part the Plaintiff's Motion. The Order denied the Plaintiff leave to file an amended complaint to include claims of unjust enrichment, negligence, and fraud, but granted the Plaintiff leave to file an amended complaint "revising the breach of contract allegations as set forth in the proposed amended complaint, and including allegations of fraudulent concealment only to establish the breach of contract claim(s) relating to the Additional Named Insured Certificate are timely." Subsequently, the Plaintiff filed a revised

amended complaint, entitled "Third Amended Complaint," ECF No. [47] on September 19, 2013.

Presently before the Court is Defendant Wells Fargo Bank's Motion to Strike the Plaintiff's Third Amended Complaint, ECF No. [48]. Defendant QBE First Insurance Agency treated the Plaintiff's Third Amended Complaint as a Motion for Leave to File a Third Amended Complaint and filed a Response in Opposition to the Plaintiff's Motion for Leave to File, ECF No. [50]. The Court considered both documents, along with the Plaintiff's opposition memoranda and sur-reply, ECF Nos. [49, 52, 54], in evaluating the Motion to Strike the Plaintiff's Third Amended Complaint. Based on the pleadings, the Court GRANTS the Defendants' Motion to Strike as to the Plaintiff's fraudulent concealment counts, but otherwise DENIES the Defendants' Motion to Strike.

## I. DISCUSSION

### A. *Breach of Contract Claim*

Defendants argue that the Plaintiff's Third Amended Complaint fails to comply with the Court's July 1, 2013, Order because the Plaintiff "added several new allegations of fact and claims for liability under the breach of contract claim." The Court's July 1, 2013, Order granted the Plaintiff leave to "revis[e] the breach of contract allegations as set forth in the proposed amended complaint." Although the Plaintiff added to her Third Amended Complaint several factual allegations that were not included in her proposed amended complaint, Federal Rule of Civil Procedure 15 allows a plaintiff to freely amend his or her complaint Fed. R. Civ. P. 15(a)(2). Moreover, the Defendant alleges no prejudice as a result of the inclusion of these additional allegations. Accordingly, the Court DENIES the Defendants' Motion to Strike the Breach of Contract claim.

### B. Fraudulent Concealment Claims

In addition, the Defendants move the Court to strike the Plaintiff's Third Amended Complaint because the Plaintiff included three counts of "fraudulent concealment" even though the Court, in its July 1, 2013, Order, denied the Plaintiff leave to amend her complaint to include these claims because fraudulent concealment is not an independent cause of action. In its July 1, 2013, Order, the Court stated that the Plaintiff may "include *allegations* of fraudulent concealment *only* to establish the breach of contract claim(s) relating to the Additional Named Insured Certificate are timely." (emphasis added). In her opposition to the Defendants' Motion to Strike her Third Amended Complaint, the Plaintiff explains that she included the three fraudulent concealment counts in the Third Amended Complaint only for "Statute of Limitations concerns" pursuant to the Court's July 1, 2013, Order. The Plaintiff, however, misunderstands the Court's order. To ensure that her breach of contract claim survives the statute of limitations, the Plaintiff may only and need only include a factual allegation in support of her breach of contract claim alleging that the Defendants fraudulently concealed information, not an independent cause of action. Accordingly, because they set forth independent causes of action for fraudulent concealment that are not cognizable at law, the Court GRANTS the Defendants' Motion to Strike as to Counts Two, Three, and Four of the Plaintiff's Third Amended Complaint.

### C. Tortious Interference Claim

The Defendants also move the Court to strike the Plaintiff's Third Amended Complaint on the basis that it includes a new count against QBE First alleging tortious interference with a contract. The Defendants argue that the inclusion of this claim violates the Court's July 1, 2013, Order which, they contend, limited the Plaintiff's revised amended complaint to the breach of contract claim exactly as proposed in her Motion for Leave to File an Amended Complaint and

to a factual allegation of fraudulent concealment to support the Plaintiff's breach of contract claim. In the alternative, the Defendants argue that the Court should strike the Plaintiff's Third Amended Complaint because it fails to state a claim of tortious interference.

The Court's July 1, 2013, Order did not indicate one way or the other whether the Plaintiff could raise new claims in her revised amended complaint. Moreover, the Defendants' argument that the Plaintiff failed to state a claim of tortious interference is more properly addressed through a Motion to Dismiss as opposed to a Motion to Strike. Accordingly, the Court DENIES the Defendants' Motion to Strike the Tortious Interference claim. If the Defendant QBE First wishes to file a Motion to Dismiss, such a motion may be filed during discovery, and the Court will set a short briefing schedule.

### D. *Requests for declaratory judgment, to proceed as a class action, and prayer for relief*

Finally, the Defendants argue that the Plaintiff's inclusion of "Class Action Allegations," a request for declaratory judgment, and a prayer for relief at the end of her Third Amended Complaint are in violation of the limitations contained in the Court's July 1, 2013, Order. As discussed above, however, the Court's July 1, 2013, Order did not strictly limit the Plaintiff's revised amended complaint to include only the breach of contract claim exactly as proposed and a factual allegation of fraudulent concealment. Moreover, the Defendants did not challenge these sections in their earlier opposition to the Plaintiff's Motion for Leave to File an Amended Complaint, and, accordingly, the Court did not address them in its July 1, 2013, Order. As these sections of the Third Amended Complaint contain no material changes from the proposed amended complaint and the Defendant has alleged no prejudice by their inclusion, the Court DENIES the Defendants' Motion to Strike the class action allegations, request for declaratory

judgment, and prayer for relief.

## II.  CONCLUSION

For the foregoing reasons, the Court DENIES the Defendants' Motion to Strike the Breach of Contract and Tortious Interference claims.  Defendant QBE First remains free to file a Motion to Dismiss as to the Plaintiff's Tortious Interference claim.  So as not to delay discovery, Defendant QBE First shall file its Motion to Dismiss by no later than November 8, 2013; the Plaintiff shall file a response by no later than November 20, 2013; and the Defendant shall file a reply by no later than November 27, 2013.  In addition, the Court DENIES the Defendants' Motion to Strike the "class action allegations," request for declaratory judgment, and prayer for relief sections of the Plaintiff's Third Amended Complaint.  The Court GRANTS the Defendants' Motion to Strike as to the Plaintiff's Fraudulent Concealment claims.  So as not to delay discovery, the Plaintiff shall, by no later than November 5, 2013, file an amended complaint removing the three Counts of fraudulent concealment and including a factual allegation of fraudulent concealment in support of the breach of contract claim(s) relating to the Additional Named Insured Certificate so as to ensure that these claims are timely.

　　　　　　　　　　　　　　　　　　　　　　　 */s/*  
　　　　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**  
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE